# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCHISE MANAGEMENT SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RIGHETTI LAW FIRM, P.C. <br><br> Defendant. | CASE NO. 09cv1578 BTM (RBB) <br><br> **ORDER DENYING THE MOTION TO WITHDRAW THE REFERENCE** |

Before the Court is Defendant Righetti Law Firm, P.C.'s Motion to Withdraw the Reference to Bankruptcy Court. For the reasons set forth below, the Court DENIES Defendant's Motion to Withdraw the Reference without prejudice.

## I. BACKGROUND

On March 4, 2009, Franchise Management Services, Inc., ("Plaintiff" or "Debtor-in-Possession") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. (Def.'s Request for Judicial Notice ("RJN"), Ex. A at 3.)

On April 8, 2009, Plaintiff filed a Complaint in bankruptcy court against Defendant the Righetti Law Firm, P.C. ("Defendant" or "Righetti"). (Def.'s RJN, Ex. A.) The Complaint arises out of alleged transfers to Defendant during the preference period in an amount not less than $501,511.75. (Def.'s RJN, Ex. A at 3.) Plaintiff brought five causes of action including claims: (1) to avoid a transfer of an interest of the debtor property under 11 U.S.C.

§ 547; (2) to avoid a fraudulent conveyance under 11 U.S.C. § 548(a)(1)(B); (3) to recover a post-petition transfer under 11 U.S.C. § 549; (4) to recover an avoided transfer under 11 U.S.C. § 550; and (5) to disallow all claims by Defendant under 11 U.S.C. § 502(d) and (j). (Id.)

On July 21, 2009, Defendant filed a Motion to Withdraw the Reference.

## II. DISCUSSION

Defendant argues that the Court should withdraw the reference in this case because it wishes to exercise its right to a jury trial by the district court in this action. Plaintiff opposes Defendant's Motion on the grounds that Defendant waived its right to a jury trial. In the alternative, Plaintiff contends that Defendant's motion is premature.

A.   Did Defendant waive its right to a jury trial?

Although district courts have original jurisdiction over cases arising under the Bankruptcy Code, 28 U.S.C. § 1334(b), they may refer these cases to the bankruptcy judges for the district pursuant to 28 U.S.C. § 157(a).  District courts also have the authority to withdraw the reference to bankruptcy court.  28 U.S.C. § 157(d). Withdrawal may be mandatory if "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organization or activities affecting interstate commerce," or permissive upon "timely motion of any party, for cause shown." Id. Defendants do not contend that withdrawal is mandatory here.  Rather, Defendants argue that good cause exists to withdraw the reference.

In determining whether cause exists to withdraw the reference, district courts consider (1) the efficient use of judicial resources, (2) delay and costs to the parties, (3) uniformity of bankruptcy administration, (4) the prevention of forum shopping, and other related factors. Security Farms v. Int'l Brotherhood of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997).  Courts should also determine whether "core" or "non-core" issues predominate.  Withdrawing the reference typically enhances efficiency where non-

core issues predominate.  Id.  There is no dispute that core issues predominate here.  See 28 U.S.C. § 157(b)(2) (listing core proceedings).  One related factor that courts must consider, however, is the parties' entitlement to a jury trial.  If a party to a proceeding in bankruptcy court has the right to a jury trial, the bankruptcy court may only conduct the trial if all parties expressly consent.  28 U.S.C.§ 157(e).  Without the parties' express consent, therefore, the district court must withdraw the reference in a case where a party has the right to a jury trial and the case proceeds to trial.

In an action by a bankruptcy trustee to recover allegedly preferential transfers, a defendant that has not filed a claim against the estate preserves its right to a jury trial under the Seventh Amendment to the United States Constitution.  See Langenkamp v. C.A. Culp, 498 U.S. 42, 45 (1991) (per curiam); see also Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 58–59.  Thus, "a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate." Granfinanciera, 492 U.S. at 58.

Plaintiff alleges that Defendant has filed claims against the estate, thereby waiving its right to a jury trial.  Defendant contends, however, that it only filed claims by and on behalf of clients it successfully represented in a pre-petition state court class action suit against Plaintiff.  Defendant argues that the Court should not construe its clients' claims for attorney's fees as its own claims against Plaintiff's bankruptcy estate.  The Court agrees with Defendant.

It appears that Defendant filed claims against the estate only on behalf of its clients and acting as their attorney, to recover unpaid wages, the amount of the state court judgment in their favor, and attorney's fees, costs, and interest.  (See, e.g., Pl.'s RJN, Ex. 2.) Defendant's clients' claims for attorney's fees indicate that they seek this compensation under the fee shifting provisions of the California Labor Code, § 1194, *et seq.*  Section 1194 provides that "any *employee* receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action . . . reasonable attorney's fees, and costs of suit." Id. (emphasis added).  Thus, the *employee*,

not his or her attorney, may state a claim for reasonable attorney's fees under the fee shifting provision of the California Labor Code.  Defendant would not have a viable claim to assert against Plaintiff's bankruptcy estate under Section 1194.

Furthermore, Plaintiff cites no legal authority to support its argument that the Court should construe a creditor's claim for attorney's fees arising out of a court judgment as a claim by the creditor's law firm itself.  Defendant additionally points out that it is not listed as a creditor on the debtor's schedules.  (MacDonald Decl. ¶ 5.)  Finally, "as the right of a jury trial is fundamental, courts indulge every reasonable presumption against waiver." Aetna Co. v. Kennedy, 301 U.S. 389, 393 (1937); see also Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 510 (1959) (quoting Federal Rule of Civil Procedure 38(a) to reinforce that "the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved . . . inviolate.") Therefore, the Court finds that Plaintiff has not shown that Defendant gave up its right to a jury trial by subjecting himself to the bankruptcy court's equitable power.  As a result, because Defendant has not consented to trial by jury in the bankruptcy court, the district court must withdraw the reference if it is not premature.

B.  Is Defendant's Motion premature?

Plaintiff alternatively argues that Defendant's Motion to Withdraw the Reference is premature.  Plaintiff asserts that because the case may not proceed to trial, the Court should delay withdrawal.  The Court agrees.

Defendant correctly contends that its Motion was timely.  "A motion to withdraw is timely 'if it was made as promptly as possible in light of the developments in the bankruptcy proceeding.'" Security Farms, 124 F.3d at 1007 n. 3 (quoting In re Baldwin-United Corp., 57 B.R. 751, 754 (S.D. Ohio 1985)).  Defendant's Answer to Plaintiff's Complaint demanded a jury trial, putting Plaintiff on notice that Defendant may move to withdraw the reference. Furthermore, Defendant filed its Motion to Withdraw within thirty days of filing its Answer. Thus, Defendant's Motion to Withdraw was timely made.

1    District courts "have the option of withdrawing the entire adversary matter, or
2 withdrawing only the trial portion, leaving the pre-trial and discovery matters to be handled
3 by the bankruptcy judge." In re Lars, Inc., 290 B.R. 467, 469 (D. Puerto Rico 2003).  As
4 Plaintiff argues, some courts have declined to immediately withdraw a case in its early
5 stages, even where one party demands and has a right to a jury trial with the district court.
6 See, e.g., In re Orion Pictures Corp., 4 F.3d 1095, 1101–02 (2d Cir. 1993) ("A district court
7 might . . . decide that a case is unlikely to reach trial, that it will require protracted discovery
8 and court oversight before trial . . . and therefore might conclude that the case at that time
9 is best left in the bankruptcy court."); Barlow & Peek, Inc. v. Manke Truck Lines, Inc., 163
10 B.R. 177, 179 (D. Nev. 1993) (finding withdrawal of reference premature where the case was
11 intertwined with bankruptcy case and bankruptcy judge was better equipped to conduct
12 proceedings short of jury trial); In re Enron Corp., 295 B.R. 21, 28 (S.D.N.Y. 2003) ("[I]t
13 serves the interests of judicial economy and efficiency to keep an action in Bankruptcy Court
14 for the resolution of pre-trial, managerial matters, even if the action will ultimately be
15 transferred to a district court for trial.").  The Fourth Circuit has noted that "[t]he decision
16 whether or not to withdraw the referral immediately 'is frequently more a pragmatic question
17 of efficient case administration than a strictly legal decision." In re Stansbury Poplar Place,
18 Inc., 13 F.3d 122, 128 (4th Cir. 1993).

19    The Court finds it appropriate to postpone withdrawing the reference until it becomes
20 clear that this case will proceed to trial.  This matter remains in its early stages, and it is
21 possible that dispositive motions may resolve the case short of trial.  Moreover, the
22 bankruptcy court is uniquely qualified to conduct discovery and pre-trial proceedings in this
23 case since core proceedings are at issue.  Furthermore, if Plaintiff's action against Defendant
24 succeeds, it may affect the amount of funds available for distribution in the administration of
25 the estate.

26    For all these reasons, the Court **DENIES without prejudice** Defendant's Motion to
27 Withdraw.  The Court grants Defendant leave to refile its Motion if it becomes clear that the
28 case will proceed to trial.

### III. CONCLUSION

For the reasons explained above, the Court **DENIES** Defendant's Motion to Withdraw the Reference from Bankruptcy Court without prejudice.

**IT IS SO ORDERED.**

DATED: September 30, 2009

*/s/ Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge